E-FILED
Wednesday, 16 December, 2009 11:46:36 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EZRA U. GAVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3112 |
| | ) | |
| GERARDO ACEVEDO, Warden, | ) | |
| Henry Hill Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Ezra U. Gavin's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (d/e 3). Respondent Gerardo Acevedo, Warden of the Henry Hill Correctional Center, has filed an Answer (d/e 11).

This matter is fully briefed and ripe for adjudication. For the following reasons, Gavin's Petition is denied.

## FACTS

Petitioner is incarcerated at Henry Hill Correctional Center in Galesburg, Illinois, where he is in Respondent's custody. On November 15,

2001, police in Quincy, Illinois, searched Petitioner's home pursuant to a search warrant. See Answer (d/e 11), Ex. E, Illinois Appellate Court Order of December 8, 2004, 2. They found plastic sandwich bags, a digital scale, more than $5000 in cash, and more than 125 grams of cocaine. Id., 2-3. Subsequently, on December 19, 2001, police initiated a controlled buy at Petitioner's residence, after which they obtained another search warrant and on December 20, 2001, searched Petitioner's home. Id., 3-4. They uncovered the money used in the controlled buy, and more than 15 grams of cocaine. Id., 4-5.

On May 22, 2002, a jury in Adams County, Illinois, convicted Petitioner of two counts of possession of cocaine with intent to deliver, and one count of unlawful use of a building. Id., 1. Petitioner filed two post-trial motions challenging his convictions, but the Circuit Court of Adams County, Illinois (Adams County Court) denied them. See Answer, Ex. M, 69-71, Post Trial Motion No. 1 and Post Trial Motion No. 2; Ex. N, 131, Transcript of Sentencing Hearing, 13:14-21. The Adams County Court sentenced Petitioner on the drug convictions to consecutive fifteen-year and twenty-five year sentences, and to a three-year concurrent sentence on the unlawful use of a building conviction. See Answer, Ex. M, 73-75, Adams

County Court Judgment Order of July 11, 2002. The court based Petitioner's sentence on his 21 prior criminal convictions, the fact that Petitioner was from Chicago and had apparently come to Quincy to "poison the people in [the] community," and the fact that the quantity of drugs seized from Petitioner's house was the largest the West Central Illinois Task Force had seen in at least five years. Answer, Ex. N, 131, Transcript of Sentencing Hearing, 41:14-17, 44:9-15, 48:2-11.

Petitioner appealed his conviction on July 12, 2002. Answer, Ex. M, 109, Illinois Appellate Court Docketing Order. The Illinois Appellate Court affirmed his conviction and sentence on December 8, 2004. Answer, Ex. E, Illinois Appellate Court Order of December 8, 2004. The Illinois Appellate Court rejected Petitioner's argument that the State had not proven beyond a reasonable doubt that he knowingly possessed the cocaine, or that he controlled the residence. Id.

Petitioner on January 20, 2005, filed a petition for leave to appeal (PLA) with the Illinois Supreme Court. Answer, Ex. F, Petitioner for Leave to Appeal. On March 30, 2005, the Illinois Supreme Court denied his PLA. People v. Gavin, 830 N.E.2d 5 (Ill. 2005).

On February 17, 2005, Petitioner filed a pro se state post-conviction

petition in the Adams County Court. See Answer, Ex. J, August 28, 2005, Illinois Appellate Court Order, 4. Subsequently, appointed counsel filed two amended petitions on Petitioner's behalf, and the State of Illinois filed a motion to dismiss. See Answer, Ex. N, 236, Transcript of Proceedings of September 7, 2006, 3:13-16. The Adams County Court dismissed Petitioner's petition without an evidentiary hearing on October 16, 2006, finding that he had waived his arguments by failing to raise them during his direct appeal. See Answer, Ex. J, August 28, 2005, Illinois Appellate Court Order, 5-6.

Petitioner appealed to the Illinois Appellate Court, arguing that: (1) his sentence violated his constitutional right to travel; (2) his trial counsel was ineffective by failing to file a post-trial motion regarding his sentence; and (3) his appellate counsel was ineffective by failing to challenge his sentence, and by failing to argue ineffective assistance of trial counsel. The Illinois Appellate Court rejected these arguments, finding that any challenge that trial or appellate counsel could have mounted to Petitioner's sentence would have been unsuccessful because Petitioner's sentence fell within the statutory guidelines. Id., 9.

On November 24, 2008, Petitioner filed a PLA with the Illinois

Supreme Court, arguing that his trial counsel was ineffective by, among other things, failing to move to suppress his post-arrest statement, and that his appellate counsel was ineffective in several respects. Answer, Ex. K, Petition for Leave to Appeal. The Illinois Supreme Court denied the PLA on January 28, 2009. People v. Gavin, 902 N.E.2d 1087 (Ill. 2009).

Petitioner filed his Petition in the instant matter on May 15, 2009.

ANALYSIS

Petitioner raises three bases for habeas relief in the Petition. First, Petitioner argues that he was denied effective assistance of trial counsel in violation of the Sixth Amendment. He further asserts that his Sixth Amendment rights were violated when he was denied effective assistance of appellate counsel. Finally, Petitioner argues that the police violated his Fourth Amendment rights when they obtained the search warrant that eventually resulted in his conviction. Respondent counters that the Court should deny the Petition because Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted, and his ineffective assistance of appellate counsel claim is without merit. Respondent also argues that Petitioner's Fourth Amendment claim is not a recognized basis for habeas corpus relief.

The Court addresses each argument in turn.

I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner argues that his trial counsel was ineffective in the following respects: (1) failing to "adversarily challenge" the State's case against him; (2) failing to file a motion to suppress; (3) failing to file a motion to sever the trial; and (4) failing to challenge the imposition of consecutive sentences because Petitioner "was a first time felon with minor traffic violations." Petition, 5. The Government argues that Petitioner's claims are procedurally defaulted.

Relief under § 2254 "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see Cheeks v. Gaetz, 571 F.3d 680, 685 (7th Cir. 2009); Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003). Concomitant to the exhaustion requirement is the principle of waiver, or procedural default. A petitioner under § 2254 must demonstrate that "he raised the claims being made on habeas during the state proceedings and that he gave the highest state court an opportunity to address these claims." Cawley v. DeTella, 71 F.3d 691, 693-94 (7th Cir. 1995); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so procedurally bars a

petitioner from bringing his claims before a federal court on habeas review. Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991), cert. denied, 502 U.S. 944 (1991).

A petitioner may escape these consequences by showing cause for and prejudice from the procedural default. Cawley, 71 F.3d at 694. A petitioner shows cause if he demonstrates that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must prove that constitutional errors "worked to his *actual* and substantial disadvantage . . . ." United States v. Frady, 456 U.S. 152, 170 (1982).

Another way a petitioner can escape a procedural default is by showing that dismissal would result in a "fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989). This exception is limited to instances where constitutional violations "probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Here, Petitioner is procedurally barred from bringing his ineffective assistance of trial counsel claims before this Court. He did not present his first argument, that trial counsel failed to "adversarily challenge" the State's

case against him, to any Illinois court. He presented his remaining arguments to the Adams County Court in his state post-conviction petition, but he failed to present them to the Illinois Appellate Court. The only issue Petitioner presented when he appealed the dismissal of his state post-conviction petition was whether trial counsel was ineffective in failing to "help [Petitioner] perfect his appeal of sentencing issues by first filing a motion to reconsider his sentence." See Answer, Ex. J, Illinois Appellate Court Order of August 27, 2008, 7. His failure to present "both the operative facts and the legal principles that control each claim" to the Illinois Appellate Court means that he is procedurally barred from presenting them to this Court. See Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).

Additionally, Petitioner has presented no facts that would excuse the procedural default in this case. There is no evidence of cause or prejudice, nor is there evidence of actual innocence such that dismissal of the Petition would result in a fundamental miscarriage of justice. Petitioner knew of his ineffective assistance of counsel claims when he raised them at the trial-court level in the state collateral proceeding, but failed to include them on all levels of review.

Therefore, the Court cannot reach the merits of the ineffective assistance of trial counsel claims raised in the Petition. Petitioner's claim for ineffective assistance of trial counsel is denied.

## II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner's argument as to why his appellate counsel was ineffective is unclear. He states:

> Counsel fail[ed] to brief multiple issues which prejudiced defendant at trial. State presented statements and evidence which were improper that violated defendant's rights to due process and a fair trial. [I]f counsel would have presented issues [the] outcome of [the] proceedings would have been different.

Petition, 4. The Government interprets Petitioner's argument as one that his Sixth Amendment rights were violated when appellate counsel failed to challenge his sentence on direct appeal.[1]

To prove ineffective assistance of counsel, a petitioner must show: (1) that his attorney's representation was objectively deficient; and (2) that the deficient representation caused him prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient representation, he must

[1]The Court addresses the Government's interpretation of Petitioner's argument. Petitioner's statement on its own is vague, and does not adequately apprise the Court of what, specifically, he found objectionable about the representation afforded him by appellate counsel.

prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms. Id. at 688. However, the presumption is that "an attorney's conduct is reasonably proficient." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002). To prove prejudice, a petitioner must prove a reasonable probability that but for his attorney's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, Petitioner has failed to demonstrate that his appellate counsel's conduct was objectively unreasonable. Appellate counsel's decision to challenge only the sufficiency of the evidence that led to Petitioner's conviction, as opposed to his sentence, was justified given the fact that trial counsel had not filed a motion to reconsider the sentence, which in Illinois is necessary to preserve a sentencing issue for appeal. See 730 ILCS 5/5-4.5-50(d) (West 2009) ("A defendant's challenge to the correctness of a sentence or to an aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence."); People v. Reed, 686 N.E.2d 584, 586 (Ill. 1997);

see also Ill. Sup. Ct. R. 605(a)(3)(B). Counsel is not ineffective under the Sixth Amendment for declining to advance a frivolous argument. See Rodriguez v. United States, 286 F.3d 972, 985 (7th Cir. 2002).

Even if Petitioner could somehow show that the representation afforded him by his appellate counsel was deficient, Petitioner cannot demonstrate prejudice. The Illinois Appellate Court held that a motion to reconsider Petitioner's sentence "would have had no effect on [his] sentence either in the trial court or on appeal." Answer, Ex. J, Illinois Appellate Court Order of August 27, 2008, 11. This is particularly so because, as the Illinois Appellate Court pointed out, the sentence Petitioner received was in the middle of the statutory guidelines; he faced a maximum penalty of 73 years imprisonment, but received a 40-year term of imprisonment. See 720 ILCS 570/401(a)(2)(B); 720 ILCS 570/401(a)(2)(A); 720 ILCS 570/406.1(b); 730 ILCS 5/5-4.5-45(a). Petitioner has failed to satisfy the second prong of Strickland.

Accordingly, the Court denies Petitioner's ineffective assistance of appellate counsel claim.

## III. FOURTH AMENDMENT CLAIM

Petitioner finally argues that his "[F]ourth [A]mendment rights were

violated in obtaining [the] search warrant." Petition, 5. He does not provide additional facts or argumentation to support this statement. Respondent interprets this claim as one that Petitioner's Fourth Amendment rights were violated by the use of illegally obtained evidence at his underlying criminal trial. Respondent argues that Fourth Amendment claims involving the exclusionary rule are not cognizable on federal habeas corpus review.

Federal habeas corpus review is not available to a petitioner who claims that evidence used against him at trial was obtained in violation of the Fourth Amendment, and who had a full and fair opportunity to present his claim to the state courts. Stone v. Powell, 428 U.S. 465, 481-82 (1976); Hampton v. Wyant, 296 F.3d 560, 562-63 (7th Cir. 2002). The purpose of the Fourth Amendment's exclusionary rule is to prevent police misconduct; allowing the exclusionary rule to provide a ground for federal collateral relief would not serve the rule's deterrent purpose. Hampton, 296 F.3d at 562. In short, "[t]he *seizure* may have violated the Constitution, but the *custody* does not, because the exclusionary rule is . . . not a personal right of defendants." Id. at 562-63.

Three factors determine whether a state afforded an accused a full and

fair opportunity to present his Fourth Amendment claims: (1) whether the petitioner presented to the state courts facts and arguments supporting his assertion that a Fourth Amendment violation occurred; (2) whether the state courts thoroughly evaluated the facts presented by the accused; and (3) whether the state courts "applied the proper constitutional case law to the facts."[2] Hampton, 296 F.3d at 563. Thus, "'full and fair' guarantees the right to present one's case, but it does not guarantee a correct result." Cabrera v. Hinsley, 324 F.3d 527, 532 (7th Cir. 2003).

In this case, Petitioner was provided a full and fair opportunity to present his Fourth Amendment claim to the Illinois courts during his criminal case. Illinois law allows a criminal defendant to bring a motion to suppress prior to trial. 725 ILCS 5/114-12. However, Petitioner did not take advantage of this mechanism, nor did he challenge the constitutionality of the search warrant in either of his post-trial motions, on direct appeal, or in his initial PLA. His Fourth Amendment claim indirectly appeared for the first time in his state post-conviction petition, where he argued that his trial counsel was ineffective for not filing a motion to suppress. See Petition, 7,

[2] This final requirement is only that the state "look to the appropriate body of decisional law," and does not mean that the state need correctly decide the issue. Hampton, 296 F.3d at 563.

Petition for Post-Conviction Relief, 4.

Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the Illinois courts, but he chose not to do so. His failure to utilize state procedures to challenge the validity of the search warrant does not afford Petitioner a basis for federal habeas corpus relief. Therefore, the Court denies his claim in this regard.[3]

## CONCLUSION

For the foregoing reasons, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 3) is DENIED. All other motions are DENIED as MOOT. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: December 15, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

[3] In the alternative, the Court notes that Petitioner's Fourth Amendment claim is procedurally defaulted because he failed to present it to all levels of the Illinois courts on state post-conviction review. See Cawley, 71 F.3d at 693-94.